UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANA CASTOE                                         CIVIL ACTION

VERSUS                                              NO. 07-5573

STATE FARM FIRE AND CASUALTY                        SECTION B(5)
COMPANY, ET AL

ORDER AND REASONS

Before the Court is Plaintiff's Motion To Remand. (Rec. Doc. No. 5). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED.**

*BACKGROUND*

Plaintiff was the owner of immovable property located in Plaquemines Parish, New Orleans, Louisiana. Plaintiff was insured under a homeowners' policy issued by Defendant State Farm Fire and Casualty Company ("State Farm"). Plaintiff alleges that the property sustained damage as a result of Hurricane Katrina. Plaintiff subsequently filed a claim for reimbursement with Defendant State Farm. Plaintiff alleges that Defendant paid only a small portion of the policy coverages.

As a result, Plaintiff filed suit against Defendant State Farm as well as Eric Thomas ("Thomas") and James Genthon ("Genthon"), the adjusters for Defendant State Farm. Plaintiff alleged that Thomas and Genthon assured Plaintiff that his damages were caused

1

by covered perils but later changed their conclusions regarding Plaintiff's losses. Plaintiff claimed that all Defendants were responsible jointly, severally, and *in solido* for their portion of fault.

Plaintiff filed suit in July 2007 in the 25th Judicial District for the Parish of Jefferson. On September 13, 2007, Defendant State Farm filed a Notice of Removal alleging that removal was proper because this Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B) as well as 28 U.S.C. § 1332 Diversity Jurisdiction. On October 10, 2007 Plaintiff filed this Motion to Remand.

Plaintiff movant contends that federal jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B) is improper because the "single accident" requirement of 28 U.S.C. § 1369(a) is not satisfied. Plaintiff also contends that Defendants Thomas and Genthon were not improperly joined and that complete diversity pursuant to 28 U.S.C. §§ 1332, therefore, does not exist.

Defendant respondent contends that joinder of Defendants Thomas and Genthon was fraudulent because Plaintiff's Petition does not allege any facts that could result in individual liability against them. Thus, federal jurisdiction exists pursuant to 28 U.S.C. §§ 1332 Diversity Jurisdiction.

***DISCUSSION***

**A.    Jurisdiction pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B).**

Defendant contends in its Notice of Removal that federal jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1)(B)considering Plaintiff's claims arose from Hurricane Katrina.

28 U.S.C. § 1369(a) provides:

> The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if–
>
> (1)   a defendant resides in a State and a substantial part of the accident took place in another State or the other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;
>
> (2)   any two defendants reside in different States, regardless of whether such defendants are also residents of the same State or States; or
>
> (3)   substantial parts of the accident took place in different States.

28 U.S.C. § 1441 (e)(1)(B) provides:

> [A] defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if . . . the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed

> could not have been brought in a district court as an original matter.

Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1369 and 1441(e)(1) when the action arises from "a single accident, where at least 75 natural persons have died in the accident at a discrete location."  28 U.S.C. § 1369(a).  An "accident" must be a "sudden accident, or natural event culminating in an accident, that results in death at a discrete location by at least 75 natural persons." 28 U.S.C. § 1369©))4.

The Eastern District has consistently declined to extend jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1) to cases arising out of Hurricane Katrina for failure to satisfy the "single accident" requirement.[1]  Additionally, in its Reply to Plaintiff's Motion to Remand, Defendant withdraws its argument for removal based on 28 U.S.C. §§ 1369 and 1441(e)(1)(B).  Therefore, the Court finds that 28 U.S.C. §§ 1369 and 1441(e)(1) are inapplicable and that federal jurisdiction does not exist on the basis of these statutory provisions.  Thus, removal on these grounds was improper.

---

[1] See *Southhall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (E.D. La. 2006) (holding Hurricane Katrina was not an "accident" within the meaning of the statute); *Carroll v. Lafayette Ins. Co.*, 2006 WL 2663013 (E.D. La. 2006) (holding levee breaches throughout New Orleans fail to satisfy the statutory definition of an "accident"); *S. Athletic Club, L.L.C. v. Hanover Ins. Co.*, 2006 WL 2583406 (E.D. La. 2006) (noting Hurricane Katrina does not satisfy the statutory definition of an "accident" and the narrow jurisdiction under 28 U.S.C. § 1369 is not intended unless there are many plaintiffs and many defendants).

**B.   Improper Joinder**

Defendant next argues that removal was proper on the basis of 28 U.S.C. § 1332 Diversity Jurisdiction.  In order for a case to be removed based on diversity jurisdiction, all of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).  These requirements include the existence of complete diversity among the parties.  *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

The issue in this case is whether complete diversity exists. It is undisputed that Plaintiff is a citizen of Louisiana and that Defendant State Farm is a citizen of Illinois.  Plaintiff, however, has also named as Defendants the adjusters Thomas and Genthon, both of whom are citizens of Louisiana.  Plaintiff contends that the existence of these two Defendants destroys complete diversity. Defendant, on the other hand, claims Defendants Thomas and Genthon were fraudulently joined and that complete diversity exists between Plaintiff and the proper Defendant State Farm.

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case."  *Smallwood*, 385 F.3d at 573.  The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no

reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The question is "whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Smallwood*, 385 F.3d at 573. A complaint should not be dismissed for failure to state a claim unless, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint does not state any valid claim for relief. *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Prop. Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Under Louisiana law, the general rule is that there is no cause of action by a claimant against an insurance adjuster for the processing and handling of an insurance claim. *Edwards v. Allstate Prop. and Cas. Co.*, 2005 WL 221560, *3 (E.D. La. 2005); *see also Rich v. Bud's Boat Rentals, Inc.*, 1997 WL 785668, *3 (E.D. La. 1997) ("This Court has found no case imposing a duty on an independent insurance adjuster to an insured to conduct a proper investigation or to advise an insured of coverage issues."). Courts have found, however, that under certain circumstances,

adjusters can be held liable to insureds for fraud. *See Edwards*, 2005 WL at *3 ("[T]he Court finds an adjuster under certain circumstances can be liable for a tort, specifically fraud."); *see also Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So. 2d 371, 372 (La. App. 5th Cir. 1981) (finding that an insurance adjuster could possibly assume the duty to inform the insured of prescription when the adjuster makes a misrepresentation or engages in fraud); *Alarcon v. Aetna Cas. and Sur. Co.*, 538 So. 2d 696, 699 (La. App. 5th Cir. 1989) (finding that a tort duty on the part of the adjuster to the claimant may exist in the context of a settlement of an insurance claim).

In the present case, Plaintiff has made the following allegations in her Petition against Defendants Thomas and Genthon:

XIII

> Defendants, Eric Thomas and James Genthon, are individually liable for their acts in failing to adjust plaintiff's claim in good faith and their failure to disclose material information to Plaintiff causing further delay and damage to the Plaintiff as a result.

XIV

> Upon information and belief, Eric Thomas and James Genthon arbitrarily and capriciously approved payments of policy proceeds to certain insureds of State Farm while denying payments for other insureds, including Plaintiff, when there was no basis in law or fact to do so since damage suffered by these insureds were caused by Katrina's wind, rain and tornadoes.

XV

>   Throughout the course of the adjustment process, State Farm Fire and Casualty Company and its agents, adjusters and employees, some of whom may be named in this petition or any supplemental petition therein, committed the following bad faith acts:
>
>   ...
>
>   e) Advising plaintiff that the perils covered under the insurance policy caused the damage/destruction and that the policy limits would be paid; and then subsequently the insureds were advised differently;
>
>   f) Issuing documents indicating that a peril covered by the insurance policy caused the damage/destruction to the insured premises and then revoking such decision.

Pl.'s Pet. ¶ XIII-XV.  In *Ballay v. State Farm*, the Plaintiffs made allegations against their adjusters which were almost identical to those made here in ¶ XV e-f.  2007 WL 734414, *3 (E.D. La. 2007).  Specifically, they claimed that the adjusters made representations which ultimately proved untrue and that they issued documents indicating coverage for the damage to the premises which were then revoked by later decisions.  *Id*.  The Court held in that case that based on the allegations, a reasonable possibility of recovery existed under Louisiana law.  *Id*.

The Court in the present case is persuaded by the reasoning in *Ballay*.  Considering the allegations in a light most favorable to the Plaintiff and resolving all doubt in favor of removal, the Court cannot say that a reasonable basis for finding liability

against the adjusters under state law on the grounds of fraud does not exist.  Thus, the Court finds that Thomas and Genthon were not improperly joined as Defendants.  Given that complete diversity does not exist, this Court does not have jurisdiction over Plaintiff's claims based on 28 U.S.C. § 1332, and removal on this basis was, therefore, improper.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

New Orleans, Louisiana this 3rd day of December, 2007.

_____
UNITED STATES DISTRICT JUDGE